### Wayne ROBERTSON, Plaintiff–Appellant,

### v.

### John DOE, Jane Doe, of the Academic standing committee of May 1991 or thereabouts. All defendants individually in their capacity as employees of the City University Law School at Queens College, Defendants,

Victor Goode, Dave Fields, Susan Bryant, Ellen Rondot, John Delaney, Dinesh Khosla, Catherine Fitzgerald, John Cicero, Defendants–Appellees.

No. 01–9434.

United States Court of Appeals, Second Circuit.

July 17, 2002.

Wayne Robertson, Pro se, Brooklyn, NY, for Appellant.

Oren L. Zeve, Assistant Solicitor General of the State of New York, New York, NY, for Appellees.

Present WINTER, F.I. PARKER and POOLER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Wayne Robertson appeals from the October 15, 2001 Memorandum and Order of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*), granting summary judgment to defendants-appellees Victor Goode, Dave Fields, Susan Bryant, Ellen Rondot, John Delaney, Dinesh Khosla, Catherine Fitzgerald, John Cicero, and John and Jane Doe of the Academic standing committee of May 1991 or thereabouts.

Robertson brought this suit against defendants in their capacities as employees of the City University of New York, College of Law ("CUNY Law"), alleging violations of 42 U.S.C. §§ 1981, 1983, 1985, 42

U.S.C. § 2000d (Title VI of the Civil Rights Act of 1964), and 20 U.S.C. § 1232g (the Buckley Amendment to the Family Educational Rights and Privacy Act ("FERPA")), as well as violations of various state laws. Robertson alleged that CUNY Law's Academic Standing Committee ("Committee") wrongfully discriminated against him on the basis of race and denied him due process when it failed to waive the school's graduation requirements to allow him to graduate with four fewer credits than the 88 required under the school's regulations.

The district court found that Robertson's claims accrued in 1991, when his petition was denied by the Committee in May 1991 and his appeal from the Committee's decision was denied in July 1991. Since Robertson did not file his complaint until November 1997, the court found that any claims he might have pursuant to §§ 1981, 1983, and 1985 and Title VI arising from the 1991 decisions were time barred under the applicable three-year statutes of limitations.

In 1996, Robertson again petitioned the Committee to allow him to graduate, and again his petition was denied. The district court found that Robertson failed to produce any evidence of a violation of his federally protected rights with regard to this meeting.

The court also concluded that Robertson failed to state a claim under FERPA.

Finally, the court dismissed the supplemental state claims, declining to exercise jurisdiction over them.

Having reviewed all of Robertson's claims de novo, *Giordano v. City of New York*, 274 F.3d 740, 746 (2d Cir.2001), we affirm the decision of the district court for substantially the same reasons given in its October 15, 2001 Memorandum and Order, except with regard to the FERPA claim,

which fails for the reasons given in the Supreme Court's recent decision in *Gonzaga University v. Doe*, — U.S. ——, 122 S.Ct. 2268, — L.Ed.2d ——, 2002 WL 1338070 (June 20, 2002) (holding that FERPA does not confer personal rights enforceable under § 1983).

During the pendency of this appeal, Robertson filed on January 18, 2002 an Emergency Motion to Determine Fraudulent Concealment and filed on May 30, 2002 a Second Emergency Motion to Determine Fraud and Fraudulent Concealment, both of which are denied as moot.

For the reasons set forth above, the judgment of the district court is AFFIRMED.